J. J. ROTENBERRY v. BOARD OF SUPERVISORS OF YALOBUSHA COUNTY ET AL.

1. BOARD OF SUPERVISORS. *Jurisdiction. Site for court-house.*
   The power to provide court-houses, and to acquire sites therefor, is confided in this state exclusively to the boards of supervisors of the several counties, and their want of discretion and sound judgment in the exercise of this power will not warrant an interference by the courts.

2. SAME. *Court-houses. Purchase of new sites.*
   The fact that the county already owns one such site does not affect the right of the board to purchase another, whenever in its judgment the occasion arises for building a new court-house.

FROM the chancery court of the first district of Yalobusha county.

HON. J. G. HALL, Chancellor.

The facts are sufficiently stated in the opinion.

*W. S. Chapman,* for appellant,

Filed a written argument, without citation of authorities, discussing at length the evidence, to prove that the building of a new court-house was entirely unnecessary, and that the lot at present owned by the county was altogether suitable as a site for a new court-house if one should be built; that the statutory power of the board of supervisors to purchase a site does not exist where the county already owns a suitable site. As the wisdom of the action of the board of supervisors in purchasing a new site is immaterial in the opinion of the court, the argument in reference to this is not given.

*R. H. Golladay,* for appellees.

The jurisdiction in the matter of providing court-houses and sites therefor, is confided to the board of supervisors exclusively. Code 1880, §§ 2144, 2148, 2149.

Equity will not interfere with the honest, though erroneous, judgment and discretion of the board in this respect. 2 High on Inj., §§ 1240, 1274, 1311; 32 Barb. 118.

It would not do so even in cases of private trust and confidence.

The power of the board to purchase a new site is not affected by the fact that the county already owns one lot.    *Odeneal* v. *Barry*, 24 Miss. 21.

Even if the board had not the power or exceeded its power, prohibition would lie and afford an adequate remedy.    *Crisler* v. *Morrison*, 57 Miss. 802; *Planters' Ins. Co.* v. *Cramer*, 47 Ib. 200. Unless the remedies to revise the action of the board are adequate. 57 Miss. 802.

But if the revisory remedies are adequate, an injunction does not lie.    1 High on Inj., 173.

An ample remedy is given the tax-payer by § 2177 of the code. See *Paxton* v. *Arthur*, 60 Miss. 832.    This being true, injunction will not lie.    1 High on Inj., § 29.

WOODS, C. J., delivered the opinion of the court.

The appellant filed his original bill in first district of Yalobusha county to enjoin the board of supervisors from making any contract for the building of a new court-house, and to have declared void the various orders of the board of supervisors, made and entered on their minutes in the year 1889, condemning the old court-house, purchasing a new site for a new court building, and taking steps looking to the erection of it, and for the cancellation of the contract of purchase and sale made between said board of supervisors and George Boswell, for the site selected by the board for the erection thereon of a new court-house.    The allegations of the bill were fully met in the answers made by Boswell and the president and three members of the board.    Much testimony was taken, and the matter was at length submitted to the chancellor, on a motion of defendants to dissolve the injunction which had been granted complainant on his bill.    The chancellor dissolved the injunction and granted an appeal to this court, in order to settle the principles of the cause.

Looking at the entire case, we see nothing but the question of the jurisdiction of a court of chancery over the lawful exercise of the powers belonging, under our constitution and laws, to the boards of supervisors exclusively.    The power of the board of

supervisors over court-houses, and sites for court-houses, is com-
plete and exclusive in this state, and no interference with the exer-
cise of this power, by the chancery courts, can be upheld, so long
as the power is alleged to be only exercised unwisely and without
discretion.   No court could be permitted to invade the province
of the board of supervisors, and undertake to direct the board's
discretion or judgment in the exercise of its undisputed power.
The case, in all its parts, discloses nothing more than a want of
sound discretion, in the action complained of, in the board of super-
visors, according to the opinions of some citizens whose evidence
was submitted.   Even this condemnation of the discretion of the
board, in the exercise of its powers, is vigorously and, perhaps, suc-
cessfully combated by the evidence offered by the appellees.   But
we do not regard this difference of opinion amongst the witnesses,
touching the wisdom and prudence of the board's action, as of any
weight in determining the case.   For if the board is exercising the
powers confided exclusively to its jurisdiction by our constitution
and laws, the want of proper discretion and sound judgment in the
board, in so exercising its functions, can never warrant an invasion
of its jurisdiction by another tribunal, whose discretion and judg-
ment touching the exercise of the powers committed to and con-
ferred upon the board, may not be harmonious with the mere
discretion and judgment of such board.   Granting the exclusive
power in the board of supervisors over the subject-matter of this
controversy, and it must follow that the exercise of the power must
rest, likewise, exclusively in the discretion of the tribunal clothed
with the power.

It is seriously contended, however, by counsel for appellant that
the county of Yalobusha, in the first district, has already one site
for a court-house, and that, therefore, the purchase of another from
Boswell was a bold act of usurpation of power, and wholly unau-
thorized in law.   We are unable to give our assent to the proposi-
tion.

In the absence of legislative limitation upon the powers of the
board, in the original instance, it will not be insisted that any lot
might not have been selected, on which to erect the court-house, at

the discretion of the board.   What particular lot should be selected, in the original instance, was a matter left entirely to the discretion of the board.   If left to the discretion of the board in the original selection of a site for the first court-house, a similar discretion would seem necessarily to be vested in the selection of a site when occasion arose for building another and new court-house.

We are clearly of opinion that the board of supervisors was clothed with the power, to be exercised at its discretion, to select a new site on which to erect a new court-house beneficial to the public and helpful to the general convenience and safety.

*The decree of the chancellor dissolving the injunction is affirmed, and the cause remanded.*