## No. 12,831.

### THE MIDDLESEX BANKING COMPANY vs. NIEMEYER & DARRAGH.

The truth of plaintiff's averments being admitted by the exception of no cause of action, to warrant a dismissal of the action it must appear that the allegations admitted true are all disposed of by the effect of the plea.

He, defendant, for the hearing having admitted certain alleged rights (without passing upon the question of their validity at this time) the court holds, that the trial of the asserted rights of plaintiff, as against defendants' title, may be had under the pleadings.

The deed annexed by plaintiff to its petition, setting forth defendants' rights of servitude (disputed by plaintiff), gives rise to question which may be determined in this litigation. If defendants have a servitude, it is to the interest of all concerned that it be localized; its character determined and limit

fixed. This can be as well done now under the pleading, as at another time under other pleading,

The multiplicity of actions are not favored. It is even a maxim that *interest rei-publicæ ut sit finis litium.*

ON APPEAL from the Fifth Judicial District Court for the Parish of Morehouse. *Potts, J.*

*H. R. Boyd* for Plaintiff, Appellant.

*James Bussey* (*Howe, Spencer & Cocke* of Counsel) for Defendants, Appellees.

Argued and submitted June 1, 1898.
Opinion handed down June 13, 1898.

The opinion of the court was delivered by

BREAUX, J. Plaintiff appealed from a judgment sustaining an exception of no cause of action.

Appellant, the Middlesex Banking Company, enjoined the defendants from building levees, dams, ditches, and from thereby flooding the lands adjacent, upon which plaintiff has a mortgage.

Appellant alleged that some time prior to the twentieth day of January, 1891, a Mistress Peterkin was the owner of the "Line Place," embracing a large area of cultivated lands and a large "cypress brake."

At different times, after she became the owner of the plantation, she executed mortgages upon the place to secure the payment of borrowed money. Newton and Cason obtained a judgment against Mrs. Peterkin, in November, 1888, which plaintiff alleged became a judicial mortgage against the plantation; Levy & Sons also obtained a judgment, and C. Newton, also which became judicial mortgages.

With these mortgages resting against the property, she sold the "cypress brake" to the defendants and appellees on the 20th of January, 1891.

The deed contained the stipulation that the vendees, the defendants here, in order to enable them to remove the cypress timber from the land were to have the right to construct and maintain dams and

levees on the land, or on vendor's land adjacent; also the right to flood the land, and do such other acts and make such improvements needful in removing their timber, or in operating their mills.

On the eleventh day of July, 1891, the "Line Place," the part remaining, was sold at sheriff's sale, and was adjudicated to C. Newton, June 20, 1892. He, Newton, mortgaged the same property to appellant to secure a loan.

The "Line Place" (except the "cypress brake," the property of defendant), is now in the hands of the sheriff, under a writ of seizure and sale, issued in accordance with plaintiff's petition to foreclose their mortgage.

The sale has not yet been made, nevertheless plaintiff, alleged that the sale to Newton under a *fi. fa.* relieved the land from the servitude granted to enable vendees to remove the timber imposed upon it by Mrs. Peterkin in the sale to the defendants' vendees on January 20, 1891, and that defendants have no right under the deed to build any levees, dams, tramways, or to make any other improvement in any manner affecting the adjacent land mortgaged to theirs; that the works defendants are making preparations to carry out will obstruct the drainage of the plantation mortgaged, and lessen its value.

Plaintiff further alleged that the property mortgaged was insufficient in value to pay the amount of the debt of the Midlesex Banking Company, amounting to about ten thousand seven hundred dollars, and that the debtor, Newton, is insolvent.

The court *a qua* dissolved the injuction, dismissed plaintiff's petition, and fixed the fee of defendants' attorney for services in matter of dissolving the injunction at fifty dollars. From the judgment the plaintiffs prosecute this appeal.

In this court the defendants answered the appeal and asked for an increase of the judgment allowing damages.

We will not enter upon a discussion of the right a mortgagee has to restrain a mortgagor from committing any act depreciating the value of the property mortgaged, and decreasing the value of his mortgage. The right is too manifest to admit of discussion. It is also evident that cases may arise to justify an injunction in protecting the rights of the mortgagee against acts damaging to him as a mortgagee.

It is, in our judgment, equally as plain, with reference to the right

of servitude, that it may be protected by injunction, if acquired prior to the date of the mortgage; but that injunction will not lie to protect the right, if of a date subsequent to the date the mortgage was given.

We are well satisfied of the correctness of our position. If plaintiff dates its asserted right against the servitude from the day the owner (Newton) purchased at sheriff's sale, that is on the 11th of July, 1891, it has no case. Prior to that time, Mrs. Peterkin, Newton's author, sold to the defendants part of the place with the servitude they now claim. From the date they became owners of the property entitled to a servitude, appellees are not third persons, and therefore they have an absolute right as against all claims of origin since their purchase.

This brings us to a consideration of plaintiff's averments in its petition regarding the dates to which plaintiff traces its right in opposition to the servitude claimed by defendants.

Plaintiff sets forth a number of mortgages bearing on the property, recorded at a date anterior to defendants' title; it also alleges, that the mortgagor to it, C. Newton, obtained a judgment against Mrs. Peterkin, whose property he purchased, and plaintiff avers it (the judgment), " became a judicial mortgage."

Plaintiff describes in its petition the part of the property which was bought by Newton, on which it has a mortgage; pleads the Newton title, and avers that he bought under a *fi. fa.*

These facts are admitted for the time being.

Plaintiff annexed to its petition a copy of defendants' title, in which is set forth the stipulation to the right of servitude, which it, plaintiff, declares is not due by the adjacent property on which its mortgage bears.

Defendants contend that these stipulations regarding the servitude claimed by them have, by the annexing of the copy, become an affirmative allegation of plaintiff's petition, and that if the specifications and stipulations are contrary to plaintiff's averments they destroy his cause of action.

The judicial mortgage of the owner, Newton, prior to his becoming the owner, is temporarily admitted, as well as all the allegations of fact of plaintiff's petition. The *fi. fa.* is before us, and the title under it are all admitted.

If the document annexed, the deed to which we have already

alluded, had not been annexed there would not be the least grounds for an exception of no cause of action.

The issues would be sufficient to require some action on the part of the court.

As we interpret the deed of sale annexed to the petition, it does not have the effect of completely destroying all cause of action.

Conceding for the discussion that a servitude is due, its nature and extent may be established under the pleas presented. To that end, at least, the issues may be heard.

We deem it, in the interest of all concerned, to allow plaintiff and defendants to be heard in order that their differences may be settled.

The statements are clear and concise enough to pass upon the claims presented. Even where there is a probability that the demand will be very much reduced there is a cause of action.

We pass to the next ground argued by defendant: Remote are probable damages. They will not justify an injunction.

On this branch of the case, plaintiff's allegations are plain and direct enough to sustain its action.

If defendants' position is erroneous, plaintiff set forth grounds enough for an injunction. The lands on which the servitude is claimed will, by it, be rendered worthless, and the debtor is insolvent, is in substance the allegations made and which we consider as relates to damages ample enough to sustain the action.

We do not infer that they are, if plaintiff is damaged at all, remote and prospective, but actual and present.

It is therefore ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed, and that this case be remanded to be tried in accordance with the views above expressed. Appellee to pay the costs of appeal.