## Hooks *v.* Gann *et al.*

(Division A.   May 27, 1935.)

[161 So. 702.   No. 31766.]

T. N. Gore, of Marks, for appellant.

P. H. Lowrey, of Marks, for appellees.

Smith, C. J., delivered the opinion of the court.

Chapter 247, Laws, 1934, provides a scheme by which, because of the present financial depression, the foreclosure of mortgages may be enjoined and the interests of mortgagees protected while the injunction is in force.

The constitutional validity of the statute was declared in Wilson Banking Co. et al. v. M. W. Colvard, 161 So. 123, 172 Miss. 804.

Steadman executed a deed of trust on land to Garrott and Stewart to secure the payment of a debt due them by him, and Gann is a duly substituted trustee therein. Afterwards, Steadman executed another deed of trust on the same land to the appellant to secure an indebtedness due by Steadman to him. Gann, at the request of Garrott and Stewart, was proceeding, under the terms of his deed of trust, to sell the land for the payment of the debt secured thereby.

The appellant exhibited an original bill in the court below, praying for an injunction against the sale of the land under the provisions of the statute. A demurrer to the bill was sustained, and the bill was dismissed.

The question for decision is: Is a junior mortgagee within the provisions of the statute?

After declaring the existence of the financial depression and the inability because thereof of owners of real property to obtain the money with which to pay off mortgages thereon, the statute provides that:

"If any mortgagee, holder, owner, trustee, or other person shall attempt to foreclose otherwise than as herein provided, such proceeding may be enjoined by the mortgagor or owner in possession of the mortgaged premises, or any one claiming under the mortgagor, or any one liable for the mortgage debt. Precedent to the granting of an order enjoining said foreclosure in pais it must affirmatively appear in the petition or complaint seeking such injunction that the petitioner is unable under Federal regulations to refinance his indebtedness through any agency or instrumentality of the United States Government, or that the creditor or holder of the indebtedness secured by the instrument sought to be enjoined has

refused to accept the terms of the refinancing offered or recommended by any agency or instrumentality of the United States, or that an application for refinancing through a federal agency or instrumentality has been filed and is pending.'' Section 3.

''Sec. 4. Suits for the foreclosure of mortgages and deeds in trust shall be deemed ready for final hearing at any time after the expiration of thirty days from the completion of the service of summons on all parties. On the hearing the court or chancellor in vacation shall receive evidence tending to establish the reasonable normal actual value of the mortgaged property, and may fix an upset price thereon; shall determine the reasonable value of the income on said property, or if it has no income, then the reasonable rental value, and in lieu of a present order of sale, shall direct and require the mortgagor, or those interested through or under him, to pay all or a reasonable part of said income or rental value in or toward the payment of taxes, insurance and interest on the mortgage indebtedness, together with a reasonable sum for the upkeep of the property. Said payments shall be made at such times and in such manner as shall be fixed and determined and ordered by the court or chancellor in vacation and as, according to the circumstances, may appear just and equitable, for a term not to exceed two years. After the expiration of two years, if the principal and any past due interest, taxes, and the like, have not been paid, a final order for sale may be made.''

A junior mortgagee does not owe the debt secured by the prior mortgage. But when the mortgagor fails to pay that debt and the mortgagee proceeds to foreclose, he, the junior mortgagee, can preserve his rights under his mortgage only by paying off the debt secured by the prior mortgage; or, in event the property is sold thereunder, seeing that it sells either for its value or for sufficient to pay both debts. He is, therefore, clearly within

the spirit of the statute, and is also within its letter, "any one claiming under the mortgagor."

It is true that the statutes require it to appear that the complainant "is unable . . . to refinance his indebtedness," and, as hereinbefore said, the appellant does not owe the debt, the collection of which is here sought to be enjoined, in the sense that he is personally liable for its payment; but if it is not paid, he will, in all probability, lose the debt due him by the mortgagor, and can most effectually, and it may be only, protect himself by paying the debt secured by the prior mortgage. He is, therefore, within the spirit and intent of that provision of the statute.

But it is said that the requirement of the statute for the payment of taxes on, and rent and upkeep of the, mortgaged property does not apply to a junior mortgagee. It is true that a junior mortgagee is not, unless he assumes the obligation, liable therefor, but when he invokes the protection of the statute he assumes that obligation, and this he has the right to do.

The decree will be reversed, the demurrer overruled, and the cause remanded, with leave to the appellees to answer within thirty days after the filing of the mandate in the court below.

So ordered.