MISSISSIPPI STATE BOARD OF VETERINARY EXAMINERS v. WATKINS.

In Banc. April 25, 1949.

(40 So. (2d) 153)

Nichols & Huff, and Barnett, Barnett & Jones, for appellant.

336

**O. B. Triplett, Jr.** and **Roy N. Lee**, for appellee.

Montgomery, J.

Dewey L. Watkins filed his bill of complaint in the Chancery Court of Scott County, Mississippi, seeking injunctive relief against the Mississippi State Board of Veterinary Examiners on the ground that they had arbitrarily and willfully abused their discretion in refusing

to award him a license for the practice of veterinary medicine, surgery and dentistry. From a decree of the lower court granting the injunctive relief and mandatorily enjoining the Mississippi State Board of Veterinary Examiners to grant him such license, the Board appeals here.

Chapter 371 of the Laws of Mississippi of 1946 provides for the regulation of the practice of veterinary medicine, veterinary surgery and veterinary dentistry, provides for a Board of Examiners and their duties and qualifications and provides a method for the granting of licenses to practice veterinary medicine, veterinary surgery and veterinary dentistry. The Act was approved on April 4, 1946.

Section 6 of this Act reads as follows:

" All persons who are not already licensed under the laws of Mississippi to practice veterinary medicine, veterinary surgery, and veterinary dentistry in this state prior to the passage of this act shall be required to take an examination and pay a fee of twenty-five dollars therefor when applying for permission to take the examination. Said fee shall not be returned to applicant whether or not he passes the examination. Provided, however, that any person who has practiced veterinary medicine, veterinary surgery and veterinary dentistry in this state for a period of ten years prior to the passage of this act shall be granted a license upon his application therefor and upon satisfactory evidence furnished the board as to such practice, and of his good moral character, and payment to the board of a license fee of ten ($10.00) dollars."

At the time of the passage of this act of 1946, Chapter 13 of the Code of 1942, Title 32, was in effect and therein was embraced the provisions of Chapter 130 of the Laws of 1914, which also provided for the regulation of the practice of veterinary medicine, veterinary surgery and veterinary dentistry in this state. Section 8917 of the Code of 1942 required an examination before a license to practice should issue to an applicant. Section 8922

made it unlawful to practice veterinary surgery, medicine and dentistry in this state without first having complied with all of the provisions of Chapter 130 of the Laws of 1914. This Code Section reads as follows:

"Any person who practices or attempts to practice veterinary surgery, medicine or dentistry in this state without first having complied with all the provision of this chapter, shall for each and every offense be guilty of a misdemeanor and upon conviction thereof shall be fined not less than twenty-five dollars nor more than two hundred dollars."

In passing let it be noted that Chapter 371 is complete in itself. It is not an amendment of Chapter 130 of the Laws of 1914, but this act is a new act completely occupying the field of the subject matter and by the provision of Section 13 thereof all of the above mentioned Code sections and Chapter 130 of the Laws of 1914 were repealed.

At the first annual meeting of the new board set up under the Acts of 1946, Mr. Watkins made application for a license to practice under the provisions of the latter part of Section 6, which is set out above. He filed his application with the Board and supported it by the affidavit of reputable citizens of his community to the effect that he is a man of good moral character and had been practicing veterinary medicine, dentistry and surgery in the state for a period of more than ten years prior to the passage of the Act of 1946. At the June meeting the Board took no action upon his application but continued it until the annual meeting in June 1947. At that meeting Mr. Watkins appeared before the Board with his attorney and there renewed his request that a license be issued to him to practice in this state. This application was supported by new and additional affidavits presented at that time. The Board heard Mr. Watkins and his attorney and there was no evidence introduced showing or tending to show that Mr. Watkins was not of good moral character or that he had not practiced for a period of more than ten years in this State. The Board, however,

again declined to take any action on his application, but suggested that they desired to make an investigation.

On July 28, 1947, Mr. Watkins filed an application for a writ of mandamus to compel action by the Board upon his application for a license. They then started an investigation, but it is admitted that the facts ascertained by them on this investigation were not considered by them in their subsequent order denying the granting of a license to him. The day before the mandamus was heard the Board met and denied the application. This order was introduced on the hearing of the mandamus petition and the Board having acted the Court dismissed the petition. It was then that Mr. Watkins filed this suit in the Chancery Court praying for injunctive relief.

█ █ The Board takes the position that the "grandfather" clause contained in Section 6 in providing that any person who has practiced veterinary medicine, veterinary surgery and veterinary dentistry in this state for a period of ten years prior to the passage of the act shall be granted a license upon his application therefor and upon satisfactory evidence furnished the Board as to such practice and of his good moral character must have read into it the word "lawful" showing that such practice had been a lawful practice instead of an unlawful one. They contend that Mr. Watkins during the ten years of his practice had been constantly violating the provisions of Section 8922, and consequently is not entitled to a license. We cannot agree with this contention.

█ █ It is a well established rule in this state that a power in the courts to supervise the discretion of executive bodies legislatively created with power to act has never been maintained where the action complained of was within the scope of the powers vested in them, and where the exercise of such powers by the Board was a reasonable exercise of its discretion in regard to a matter within the powers of the Board and not marked by any clear abuse of discretion. It is manifest that this must be true, for if the discretion vested in a Board be sub-

ject to review and control by the courts the result would
be the substitution of the judgement of the court for
the judgement of the legislatively chosen power. Roten-
berry v. Board of Supervisors, 67 Miss. 470, 7 So. 211;
Henry v. State, 87 Miss. 1, 39 So. 856; State v. Henry, 87
Miss. 125, 40 So. 152, 5 L.R.A., N.S., 340; McLeod et al.,
Trustees Moss Point Public Schools v. State ex rel. Col-
mer, Dist. Atty., 154 Miss. 468, 122 So. 737, 63 A.L.R.
1161; Tri-State Transit Co. v. Gulf Transport Co., 201
Miss. 744, 29 So. (2d) 825; Magee Truck Lines, Inc., v.
Bond, 190 Miss. 428, 200 So. 586; Dixie Greyhound Lines,
Inc., v. Public Service Commission, 190 Miss. 704, 200
So. 579, 1 So. (2d) 489.

However, it is clear here that Section 6 of Chapter 371,
Laws of 1946, repealed the provisions of Section 8922
which had theretofore made it an offense to practice vet-
erinary medicine in the state, and the mandate of the act
did not vest in the board any discretion in the granting
of the license to practice as it appeared beyond dispute
that the appellant was of good moral character and had
practiced for more than ten years in this state and had
paid to the board his license fee of ten dollars. The
proof is undisputed that this showing was made to the
Board and there is no evidence in this record showing
that Mr. Watkins was not of good moral character, nor
that he had not practiced for more than ten years in the
state, or that he had not paid the required fee of ten dol-
lars. We are of the opinion that the board had no dis-
cretion in the matter and that it was the duty of the board
to grant the license, and its refusal to do so was arbitrary
and in violation of the provision of Section 6 of Chapter
371, Laws of 1946.

Our attention has been called to State v. Ohio State
Medical Board, 60 Ohio St. 21, 53 N.E. 298; State v.
Board of Dental Examiners, 31 Wash. 492, 72 P. 110; and
In re Christensen et al., 59 Wash. 314, 109 P. 1040, but
we do not deem it necessary to comment here upon these

cases since it is clear that the board refused to obey the mandate of Section 6 in their refusal to grant the license.

The lower court was correct in awarding the injunctive relief prayed for in the bill and the decree of the lower court will be affirmed.

Affirmed.