MISSISSIPPI BOARD OF VETERINARY EXAMINERS, et al.

*v.* SISTRUNK.

Oct. 19, 1953

No. 38880          39 Adv. S. 27          67 So. 2d 378

*Francis S. Bowling,* Jackson, and *Welch & Welch,* Laurel, for appellants.

*James W. Lee,* Forest, for appellee.

ETHRIDGE, J.

Appellee, Marshall Austin Sistrunk, complainant below, filed this action in the Chancery Court of the Second Judicial District of Jones County, against Dr. B. S. Houston and four other members of the Mississippi Board of Veterinary Examiners, appellants. The bill charged that Miss. Laws 1946, Ch. 371, Sec. 6, Code of 1942, Sec. 8914-06, provides that all persons who are not already licensed under Mississippi law to practice veterinary medicine, surgery, and dentistry shall be required to take an examination and pay a fee of $25.00. This statute further states:

"Provided, however, that any person who has practiced veterinary medicine, veterinary surgery and veterinary dentistry in this state for a period of ten years prior to the passage of this act shall be granted a license upon his

application therefor and upon satisfactory evidence furnished the board as to such practice, and of his good moral character, and payment to the board of a license fee of ten ($10.00) dollars."

Complainant averred that he is fifty-four years of age and has lived in Leake County all of his life; that his father before him was a practicing veterinarian who for many years administered to sick and injured animals of all kinds; that complainant had studied the standard book on veterinary medicine, surgery, and dentistry, and from such study and his wide experience he had acquired knowledge and "satisfactory proficiency" in this field; that for two years during World War I he served in the United States Army Veterinary Corps, and for eight months had attended an army veterinary school, and that for more than twenty-seven years prior to the effective date of the 1946 statute, complainant had practiced veterinary medicine, surgery, and dentistry in this state.

Complainant charged that on June 14, 1946, he applied to the defendant board under the 1946 statute for a license to practice veterinary medicine, surgery, and dentistry, attaching to his application affidavit showing that he had practiced such profession for more than ten years prior to the stated term, that he was of good moral character, and tendering the ten-dollar license fee. Complainant appeared before the board, which failed and refused to grant complainant a license, and postponed the matter until the next regular meeting, one year away, June 17, 1947. On that date complainant again appeared before the board and renewed his request for a license. There was no evidence in contradiction of his qualifications under the statute, but the defendant again postponed action. On August 8, 1947, without further evidence, and with no evidence disputing complainant's right to the license, the bill charged that the board arbitrarily, willfully, and in disregard of complainant's rights and the law, denied him a license.

On June 9, 1950, complainant again made application to the board for a license to practice veterinary medicine, surgery, and dentistry, tendering with his application the $10 license fee and affidavits by a number of prominent people in his community showing that complainant had practiced veterinary medicine, surgery, and dentistry for more than ten years prior to April 1946, and that he is of good moral character. The bill charged that there was no contradiction of these facts in evidence at the hearing of the board. But, nevertheless, the board wrongfully postponed action on complainant's application until the next regular meeting, one year later, on June 19, 1951. At that time complainant again appeared before the board and renewed his request for a license. The board then had before it the stated affidavits and evidence, and the bill charged that there was no evidence before the board denying that complainant had fully complied with the 1946 statute; that the board arbitrarily, willfully, and unlawfully refused on June 19, 1951, to grant complainant a license and had denied him a license; that the board had appointed an investigating committee to investigate the complainant, and complainant charged that the denial of his license was based on this secret report of the board's investigating committee; that the board refused to advise complainant of the reasons for the denial of his application, and refused to make known to complainant the contents of the report, which is relevant to the proceedings, and to which complainant was entitled to discovery. The bill charged that complainant had been seriously injured and damaged in his reputation and profession because of these arbitrary and unlawful acts of the board, and that complainant has been and is irreparably injured in being denied this valuable right to a license, and that he has no complete and adequate remedy at law. Hence the bill asked for a mandatory injunction, directing the board to issue to complainant a license to practice veterinary medicine, surgery, and dentistry, and

that the defendants be ordered to make discovery unto complainant of the contents of the report of the investigating committee.

The bill of complaint had attached to it as exhibits a number of affidavits of citizens of complainant's home community, attesting to his good moral character and his practice of his profession for more than ten years prior to the effective date of the 1946 statute, a transcript of the proceedings before the board on June 20, 1950; and a transcript of the proceedings before the board on June 19, 1951.

To this bill of complaint the defendants filed a general demurrer averring that complainant has a full, plain, adequate, and complete remedy at law, and that no grounds for equitable relief are alleged in the bill. This demurrer was overruled by the chancery court and appellants-defendants were allowed an interlocutory appeal.

Appellants say that appellee has a plain, adequate and complete remedy at law by mandamus under the provisions of Code of 1942, Secs. 1109-1118. They rely upon Madison County v. Mississippi Highway Commission, 191 Miss. 192, 198 So. 284 (1941), in which Madison County sought to obtain a mandatory injunction against the Highway Commission to compel it to appraise the pavement on two highways in that county and to pay the county for it, as provided by statute. It was there held that the chancery court had no jurisdiction to compel the highway commission to perform a legal duty enjoined upon it by statute. Code Sec. 1109 provides for a petition for writ of mandamus to the circuit court to compel an officer to do or order him not to do an act especially enjoined by the law. Compare State Highway Commission v. McGowen, 198 Miss. 853, 23 So. 893, 24 So. 2d 330 (1946); State Highway Commission v. Coahoma County, 203 Miss. 629, 32 So. 2d 555, 37 So. 2d 287 (1948). The court thought Madison County had a plain, adequate, and complete remedy at law by mandamus.

However, in the instant case appellee-complainant has no adequate remedy at law. The statutes regulating the practice of veterinary medicine, surgery, and dentistry, Miss. Laws 1946, Ch. 371, Miss. Code 1942, Secs. 8914-01 to 8914-13, have no statutory provision for judicial review of the actions of the board in exercising its licensing powers. In this respect it is similar to a number of other state agencies. An appeal by certiorari would not be adequate, since it is limited to a review of the legal sufficiency of the application and order refusing the license. An appeal by a petition for mandamus would not be sufficient, because the court could not review whether the board's action is supported by substantial evidence, but could only direct the board to act in some manner, either by granting or denying the license. ██ █ Hence a bill in chancery for a mandatory injunction is the only possible method by which appellee could obtain judicial review of the board's order to ascertain whether it is supported by substantial evidence, or is arbitrary, capricious, and unlawful.

In Mississippi State Board of Veterinary Examiners v. Watkins, 206 Miss. 330, 40 So. 2d 153 (1949), in an action very similar to the present one, the court affirmed a final decree directing the board by mandatory injunction to issue a veterinary license to complainant, under the proviso of the quoted statute. It was undisputed in that case that the complainant was of good moral character, had practiced for more than ten years in this state before the 1946 statute, and had paid his license fee. Under such proof it was held, therefore, that the board's refusal of a license was arbitrary and without substantial evidence to support it. Assuming for present purposes the correctness of the averments in the instant bill of complaint, appellee is entitled to a license. Appellants attempt to distinguish this Watkins case by stating that the complainant there also sought to enjoin a criminal prosecution of him for unlawfully practicing veterinary

medicine. But the court did not base its decision on that factor, but on the proposition that he was entitled to a mandatory injunction to obtain his license. In other words, it held that complainant's remedy at law was inadequate. The reasons stated above amply support that conclusion in the Watkins case, which is controlling here.

In Watkins v. Mississippi State Board of Pharmacy, 173 Miss. 26, 154 So. 277 (1934), a petition for mandamus was sustained by the court for a license to practice pharmacy, but in that case there was no issue of fact of any kind, including whether the plaintiff was of good moral character, since the board had already adjudicated that he was. Here, apparently, that or other questions may be issues of fact. But the board's action must be supported by substantial evidence and must be within its statutory powers. The chancery court correctly overruled appellants' general demurrer, and the case will be affirmed and remanded for further proceedings consistent with this opinion.

Affirmed and remanded.

*McGehee, C. J.,* and *Roberds, Kyle,* and *Holmes, JJ.,* concur.