355 So.2d 669 (1978)
The STATE of Mississippi BOARD OF PSYCHOLOGICAL EXAMINERS et al.
v.
Ray Coxe.
No. 49902.
Supreme Court of Mississippi.
March 1, 1978.
*670 A.F. Summer, Atty. Gen., by R. Hugo Newcomb, Sr., Asst. Atty. Gen., Jackson, for appellants.
Bryan, Nelson, Allen & Schroeder, Robert H. Walker, Gulfport, for appellee.
Before SMITH, ROBERTSON and LEE, JJ.
LEE, Justice, for the Court:
The State of Mississippi Board of Psychological Examiners appeals from a decree of the Chancery Court of the Second Judicial District, Harrison County, Chancellor Frank Alexander presiding, mandatorily enjoining it to issue a license to Dr. Ray Coxe entitling him to all rights and privileges accorded psychologists licensed in the State of Mississippi by and through the provisions of Mississippi Code Annotated Section 73-31-1, et seq. (1972).
Dr. Coxe filed an application for licensure with the State Board of Psychological Examiners on February 4, 1974, attaching thereto a certified copy of his transcript from the University of Southern Mississippi. The application was denied March 29, 1974, the reason for such denial being stated to Dr. Coxe's attorney in a letter dated July 8, 1974, that Dr. Coxe did not meet the educational requirements and specifically that he "did not meet the requirements of Section 73-31-13(f) of the Mississippi Code of 1972 Annotated." On April 24, 1975, Dr. Wilson, President of the Board, wrote Dr. Coxe further that he did not meet the educational requirements because the name of his major area of doctoral study as indicated on the official transcript of his graduate work did not contain the word "Psychology." On July 3, 1975, Dr. Coxe wrote Dr. Wilson and submitted a supplement to his original application in the form of a certified transcript identifying his major as "Guidance and Counseling  Counseling Psychology." The Board declined to issue the license. Previously, the application of Dr. Leland Fager was rejected for the same reason stated to Dr. Coxe and when he submitted a second or amended transcript showing counseling in psychology, licensure was unanimously granted.
Appellee applied for a license under Mississippi Code Annotated Section 73-31-13 (1972), pertinent parts of which follow:
"The board shall issue a license as a psychologist to each applicant who shall file an application upon a form and in such manner as the board prescribes, accompanied by such fee as is required by this chapter; and who furnishes evidence satisfactory to the board that he:
(a) Is at least twenty-one (21) years of age; and
(b) Is a citizen of the United States or has declared his intention to become a citizen. A statement by the applicant under oath that he is a citizen, or that he intends to apply for citizenship when he becomes eligible to make such application, shall be sufficient proof of compliance with this requirement; and
(c) Is of good moral character; and
(d) Resides in the State of Mississippi; and
(e) Is not in violation of any of the provisions of this chapter and the rules and regulations adopted thereunder; and
(f) Holds a doctoral degree with specialization in an area of psychology from a school or college as defined in this chapter; and
(g) Has at least one (1) year postdoctoral experience practicing psychology under supervision by a psychologist possessing qualifications substantially equivalent to those required for licensing under this chapter (at the discretion of the board, one (1) year of predoctoral experience may be deemed to meet this requirement); and,
(h) Demonstrates professional competence by passing a written and oral examination in psychology prescribed by the board; except that upon examination of credentials the board may, by unanimous consent, consider these credentials adequate evidence of professional competence."
Appellant contends (1) that the court erred in admitting as evidence certain *671 documents, answers to interrogatories and other matters and evidence of matters occurring after the filing of the suit for mandatory injunction. On this appeal, we will consider only the evidence before the Board of Psychological Examiners in order to determine whether or not the chancellor's decision is supported by that evidence and whether or not the Board's action was arbitrary and capricious. Therefore, it is unnecessary to discuss this assignment of error. We call to the attention of the Bench and Bar that in proceedings before administrative agencies and boards, the record must be made for appellate review.
The chancellor found that appellee complied with all the provisions of Section 73-31-13 except Subsection (h), and that refusal of the Board to grant licensure to Dr. Coxe constituted arbitrary and discriminatory action and was without basis or justification of law.
The evidence before the Board consisted of its minutes, letters written and received by authorized officials of the Board, the application filed by Dr. Coxe, together with certified copies of his transcript and amended transcript from the University of Southern Mississippi. The application was sworn to by appellee and specifically covered and complied with the requirements contained in Subsections (a) through (g), Section 73-31-13. No question or objection was raised or advanced by the Board of Examiners to any requirements of said subsections except Subsection (f) which was the only reason given for refusing to grant the license. The application and transcripts constituted undisputed evidence before the Board of Examiners and appellant's contention No. 2, that the court erred in ordering issuance of a license to appellee before the Board had completed its actions, particularly as to all the qualifications of appellee, is without merit.
Appellant contends (3) that the court exceeded its powers when it superseded an act of the Board of Examiners in making its decision that appellee was eligible for licensure, and (4) in holding that the Board acted arbitrarily and in a discriminatory fashion.
The matter of Dr. Coxe's application was before the Board of Examiners from February 4, 1974, until final decree was entered in the injunction suit on May 14, 1976. During that entire time, the Board maintained the position that the application was not granted because Dr. Coxe did not hold a doctoral degree in a specialization area of psychology from a school or college as defined in the section. The chancellor found that Dr. Coxe is a counseling psychologist entitled to be considered a psychologist within the meaning and definition of Mississippi Code Annotated Section 73-31-1, et seq. (1972), that there was no substantial evidence to support the refusal of the Board of Examiners to license Dr. Coxe to practice as a psychologist in the State of Mississippi, and that its refusal constituted arbitrary and discriminatory action. Courts will not substitute their judgments for those of administrative agencies when the action of the agency is not arbitrary or unreasonable, and when it is supported by substantial evidence, but the courts will not tolerate acts and decisions of a state agency when it has acted capriciously, unreasonably, arbitrarily, or has abused its discretion. Game & Fish Commission v. Marlar, 206 So.2d 628 (Miss. 1968); 2 Am.Jur.2d Administrative Boards § 241, at 66-69 (1962).
When the evidence before the Board is undisputed that the requirements of the licensing statute have been met, refusal to grant the license amounts to arbitrary and capricious action. Mississippi State Board of Veterinary Examiners v. Watkins, 206 Miss. 330, 40 So.2d 153 (1949). See also Mississippi Board of Veterinary Examiners v. Love, 246 Miss. 491, 150 So.2d 532 (1963); Mississippi Board of Veterinary Examiners v. Sistrunk, 218 Miss. 342, 67 So.2d 378 (1953).
We are of the opinion that the chancellor was not manifestly wrong in holding that the Board of Examiners acted arbitrarily and in a discriminatory fashion, in declining to issue a license to appellee, and that he did not exceed his authority in ordering licensure for him.
*672 Appellant's contention No. 5, that appellee is not qualified as a psychologist eligible for licensure under State law, and No. 6, that the court erred in holding that appellee is not in violation of the statute, are without merit.
There being no reversible error, the decree of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.