BOWLING, Justice,
for the Court:
This case originated in the Chancery Court of the First Judicial District of Hinds County. The defendant, Mississippi State Board of Education, appeals from an adverse decree.
The basic issue involved in the case is the interpretation of Mississippi Code Annotated section 37-41-101 (1972) as amended. Bus Supply Company, Inc. [a seller of school bus bodies], in the prayer of its bill of complaint for a mandatory injunction, requested a decree requiring the State Board of Education to comply with the provisions of the above stated statute. The lower court placed its interpretation on this statute and issued its decree accordingly, as hereinafter shall be discussed.
In order to set the issues in perspective, we set out the principal statute in question. First, it should be noted that a paramount consideration in the determination of the appeal is that the Legislature amended the statute, the amendment becoming effective after July 1, 1977. A determination of the legislative intent in amending the statute is required. Before the amendment, the statute read as follows:
The state board of education is hereby authorized, empowered, and directed to advertise for and receive bids and proposals for sale of school transportation equipment and supplies to the counties and school districts of this state and to enter into contracts relative thereto ,and to fix prices which counties or school districts may not exceed in purchasing such school transportation equipment and supplies. County boards of education and the trustees of school districts may make purchases under such contracts [at] the prices so fixed without additional advertisement for bids.
After the 1977 amendments the statute now reads as follows:
The state board of education is hereby authorized, empowered and directed to advertise for and receive sealed bids and proposals for sale of school transportation equipment and supplies to the counties and school districts of this state, and to enter into contracts relative thereto based upon the lowest and best bids, which counties or school districts may not exceed in purchasing such school transportation equipment and supplies. In determining the lowest and best bids received for such equipment and supplies, there shall be included as part of the total cost thereof any transportation or freight charges which will be incurred. County boards of education and the trustees of school districts may make purchases under such bids and according to the provisions of this section without additional advertisement for bids.
A brief history of the controversy between the parties, as revealed by the briefs and the record, is as follows. In December, 1978, appellee, through its representatives, appeared before appellant board complaining that the board was not setting prices for the purchase of transportation equipment by the school districts and county *385 school boards of the State pursuant to law and particularly pursuant to Code section 37-41-101. Under this complaint the board admitted that in November, 1978, it had fixed the maximum price to be paid by the county and district school boards for transportation equipment at the April, 1978, price, plus seven percent.
The present injunction suit was filed on March 9,1979. It thereupon developed that on March 6, 1979, the board by order on its minutes had discontinued and abandoned the method of fixing transportation equipment prices that was being used in November and December, 1978. The new procedure adopted on that date, allegedly pursuant to Code section 37-41-101, as amended, and as shown by the minutes of the board as of that date, was that from and after November 1,1979, the date of the new bids, th% board would, according to law, accept the lowest and best bids and enter into contracts based upon those bids, and that those contractees would be the only persons or firms authorized to sell transportation equipment and supplies within the State. The appellant board initially contended that its action taken on March 6, 1979, rendered the March 9, 1979, bill of complaint a moot issue for the reason that at the time of the filing of the suit the board was conforming to the request of the prayer of the suit— that is, abiding by the terms of Code section 37-41-101 as amended.
The lower court declined to dismiss the suit and it was tried mostly on stipulations of undisputed facts. After a hearing, the lower court issued its decree enjoining appellant board from proceeding as it had determined at the March 6, 1979, meeting and held that the appellant board could not enter into contracts with the lowest and best bidders and require that the school districts purchase only under those contracts. The pertinent part of the court’s opinion is as follows:
The present suit was filed March 9, 1979, and process was issued. However, on March 6,1979, the Board determined that after November 1, 1979, that only the lowest and best bidder would be the only persons authorized to sell school transportation equipment and supplies within the State of Mississippi, departing from the previous position that the Board would permit others to sell at prices fixed. The Court is of the opinion that the Board has no authority to award any contract to only the lowest and best bidder. Since the Board does not purchase any school buses, it would be the Court’s opinion that it could not enter into any contract for the purchase of any school buses.
The first issue raised by appellant is that the lower court should have sustained its demurrer based on the ground that an adequate remedy at law existed, that is, the remedy of mandamus. It is sufficient to say that under the authorities the lower court was correct in overruling the demurrer. See Mississippi State Board of Veterinary Examiners v. Love, 246 Miss. 491, 150 So.2d 532 (1963); Board of Veterinary Examiners v. Sistrunk, 218 Miss. 342, 67 So.2d 378 (1953); Fitzhugh v. City of Jackson, 132 Miss. 585, 97 So. 190 (1923).
The basic question to be decided by this Court is whether or not in amending Code section 37-41-101 the Legislature intended that the State Board of Education, after advertising for and determining the lowest and best bid, be required to enter into a contract with those bidders and that local school boards are then required to purchase transportation equipment solely under those contracts. At the outset we recognize the persuasive argument as agreed to by the lower court that the statute in question did not mandate the school district boards to purchase transportation equipment only under the state board’s contract. The lower court stated that the districts are entities which pay the bill and should be permitted to purchase from any reputable seller so long as the purchase price did not exceed the lowest bid secured by the state board.
As stated by the lower court in its opinion, the questions in this case probably should be reconsidered by the Legislature. This Court cannot exercise that function. We necessarily are required to interpret the statutes as written and assume that there *386 was a valid and compelling reason for their enactment.
We first look to the general statutes regarding the powers given by the Legislature to the State Board of Education pertaining to the transportation of pupils in the entire state. Code section 37-41-1 [among other things] provides that the State Board of Education is authorized, empowered and directed to promulgate rules and regulations for “formulating specifications for use in purchasing school buses, equipment and supplies; getting bids on school buses, equipment and supplies; and fixing prices which counties or districts may not exceed in purchasing buses, equipment and supplies for said buses.”
It is noted that this section was not amended at the time of the amendment to section 37-41-101 in 1977. Section 37-41-85 provides as follows:
No county board of education or board of trustees of a municipal separate school district shall purchase any transportation equipment or establish, erect and equip school bus shops or garages, or purchase land therefor, as authorized by section 37 — 41-81 except in the manner prescribed by the applicable rules and regulations of the state board of education. No transportation equipment shall be purchased or otherwise acquired which does not conform to the specifications for school transportation equipment provided by the state board of education.
Code section 37-41-87 provides:
All contracts for the purchase of school transportation equipment and the employment of drivers therefor shall be subject to the approval of the state board of education.
Code section 37-41-103 provides:
For the further purpose of carrying out the provisions of sections 37-41-81 and 37 — 41-101, the state board of education is further authorized and empowered to adopt and promulgate reasonable rules and regulations not inconsistent with the law for such purpose. Said state board of education shall have, in addition, all power and authority conferred upon it by the provisions of sections 37 — 41-1 to 37-41-51 or any other statute.
We now address what we heretofore have said is the primary issue in the case, that is, what did the legislature intend when it amended section 37 — 41-101 in 1977? First, we note that the statute prior to amendment authorized the state board “to fix prices which counties or school districts may not exceed in purchasing such school transportation equipment and supplies.” For some reason, obviously intentional, the amended statute omitted this provision. The old statute further only required the state board “to advertise for and receive bids and proposals.” After the deletion and change of these provisions, the 1977 amendment reads as follows:
The state board of education is hereby authorized, empowered and directed to advertise for and receive sealed bids and proposals for sale of school transportation equipment and supplies to the counties and school districts of this state, and to enter ipto contracts relative thereto based upon the lowest and best bids, which counties or school districts may not exceed in purchasing such school transportation equipment and supplies.
For emphasis it is noted that the legislature “directed” the state board to receive sealed bids and “enter into contracts relative thereto based upon the lowest and best bids.” It is inescapable from this language that the persons, firms or corporations who submitted “the lowest and best bids” would be entitled to the benefit of selling the equipment under those bids. It would be an exercise in futility and would even be an inconsistency to interpret the amended legislative mandate to hold that after determining the “lowest and best” bids and entering into contracts thereunder, the county boards and school districts could then purchase from whomever they pleased. An example of such an interpretation would be that any of the other bidders could immediately contact and sell the county board or school district its equipment for a price reduced even slightly under the lowest and best bid even though it was the highest *387 bidder. Such an interpretation is completely incompatible with the language of the amended statute.
The reason the legislature amended the statute requiring contracts be let to the lowest and best bidder is clear. If a bidder is assured that it will be able to sell transportation equipment and supplies under its bid, if its bid is low, the bidder will submit its lowest bid in an effort to sell the bid items. On the other hand, if a bidder knows it can sell transportation equipment and supplies at a price equal to the lowest and best bid submitted by any other bidder, there is no incentive for the bidder to bid its lowest figure. The amendment to the statute was made for the purpose of encouraging bidders to submit their lowest bids, and the construction of the statute urged by appellees would defeat the purpose of the amendment.
As stated above and as stated by the lower court, the interpretation we are required to place on the amended statute mandates that the school district or county board use its own money to purchase under a contract entered into by the state board. This might seem to usurp the powers of the local boards, but as hereinbefore stated, this is clear from the legislative mandate, and any change necessarily would have to be made by that branch of state government. We hasten to say, however, that the statutes other than amended section 37-41-101 clearly give the state board extensive jurisdiction over the purchase of transportation equipment by the local boards.
Therefore, we hold that the adoption of the procedure by the State Board of Education as shown in its minutes of March 6, 1979, unless subsequently changed or amended, is the legal procedure for advertising for bids regarding the purchase of transportation equipment and under the statutes the state board has the authority and duty to promulgate rules and regulations to implement that procedure. The cause is therefore reversed and rendered and the bill of complaint of appellee is dismissed.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.