230 Miss. 222 (1957)
92 So.2d 463
LOVE
v.
MISSISSIPPI STATE BOARD OF VETERINARY EXAMINERS
No. 40367.
Supreme Court of Mississippi.
February 11, 1957.
Ward & Ward, Starkville, for appellant.
Crisler, Crisler & Bowling, Jackson, for appellees.
*225 KYLE. J.
The appellant, Frank L. Love, filed an application on June 4, 1952, with the Mississippi State Board of Veterinary Examiners, asking that he be granted a license to practice veterinary medicine, veterinary surgery and veterinary dentistry in the State of Mississippi, under authority of Section 6 of Chapter 371, Laws of 1946. Love alleged in his application that he had practiced veterinary medicine, veterinary surgery and veterinary dentistry in the state for a period of ten years prior to the passage of the above mentioned act; and Love filed with his application a number of affidavits and letters in support of the application, and paid to the Board's secretary a license fee of $10.
Love did not appear before the Board at its regular June 1952 meeting, and no action was taken on the application *226 at that time. At the June 1953 meeting Love appeared before the Board with his attorney and three witnesses who testified in support of his application. But no record was made of the testimony taken at that meeting, and the only action taken by the Board was the adoption of an order directing that an investigating committee be appointed to inquire into the matter and report to the Board at a later date. The committee was appointed, and Dr. J.V. Duckworth was named as chairman of the committee. At the June 1954 meeting Love again appeared before the Board with his attorney, and presented additional affidavits in support of his application and also the sworn testimony of Love himself and four other witnesses, whose testimony was taken down and transcribed by the private secretary of the Board's attorney. No evidence in opposition to Love's application was offered during the hearing before the Board, and the Board adjourned without taking final action on the application. At the June 1955 meeting of the Board the chairman of the investigating committee submitted a report on behalf of the committee, and the Board entered an order denying the application.
Love then filed his original bill of complaint in the Chancery Court of Clay County, asking that a mandatory injunction be issued requiring the State Board of Veterinary Examiners to grant him a license to practice veterinary medicine, surgery and dentistry. Dr. John Randle and four other members of the Board were named as parties defendant. Love attached as exhibits to his bill copies of the affidavits and certificates filed by him at the June 1952 meeting of the Board, which showed that he had practiced veterinary medicine, veterinary surgery and veterinary dentistry in the state for a period of ten years prior to the enactment of Chapter 371, Laws of 1946, and that he was a man of good moral character, and also copies of twelve additional affidavits filed by him at the June 1954 meeting of the *227 Board, and a certified transcript of the testimony of Love and the four witnesses who had testified during the hearing at the June 1954 meeting of the Board.
The defendants in their answer admitted that the complainant had filed an application for a license to practice veterinary medicine, surgery and dentistry, as alleged in his bill of complaint, and that the complainant had offered testimony in connection with his application, and that the transcript of the testimony taken at the June 1954 meeting of the Board which was attached to the bill of complaint was a full and complete transcript of the testimony taken. But the defendants in their answer denied that the complainant was a qualified practitioner of veterinary medicine, surgery and dentistry; the defendants denied that the complainant had practiced the profession of veterinary medicine, surgery and dentistry for a period of ten years prior to April 4, 1946; and the defendants denied that the complainant was entitled to have a license issued to him under the provisions of Section 6 of Chapter 371, Laws of 1946.
The cause was heard before the chancellor on December 1, 1955. The complainant offered in evidence his application and the exhibits attached thereto, and also the affidavits and certificates filed by him in support of his application, and the transcript of the testimony taken at the June 1954 meeting of the Board, copies of which had been attached as exhibits to his bill of complaint. The defendants then called Dr. William L. Gates, Secretary of the State Board, to testify as a witness for the defendants, and the secretary was requested to identify a series of affidavits and letters taken from the Board's files, which had been collected by the investigating committee from persons who were acquainted with Love, and which tended to show that the complainant had not practiced veterinary medicine, surgery and dentistry for a period of ten years prior to April 4, 1946. After the instruments had been identified, they were *228 offered in evidence as exhibits to Dr. Gates' testimony. The complainant's attorneys objected to the admission of the affidavits and letters in evidence on the ground that they had not been offered in evidence during the hearing before the Board and had not been brought to the attention of the complainant or his attorney during the hearing before the Board. The chancellor sustained the objection and excluded the affidavits and letters. The defendants then offered in evidence the report of the investigating committee, which had been filed with the Board the day the final order was entered, and which contained statements of facts and conclusions prejudicial to the complainant's application for a license. Objection was made to the admission of the report on the ground that the report had not been offered in evidence during the hearing before the Board and had not been brought to the attention of the complainant or his attorney during the hearing, and on the ground that the report consisted of "hearsay" information which had been gathered and condensed by Dr. J.V. Duckworth, the chairman of the investigating committee. The chancellor sustained the objection, and excluded the report. The defendants then called the complainant, Frank L. Love, as an adverse witness for the purpose of proving by him that for several years during the ten-year period immediately prior to April 4, 1946, he had been engaged in other occupations which had no connection with the practice of veterinary medicine, surgery and dentistry. This evidence was also excluded.
The chancellor, in his opinion, stated that the complainant's bill was in its nature a bill for a judicial review of the action of the State Board in rejecting his application for a license, and that the only evidence which the court had a right to consider was the evidence that was legally before the Board at the time the complainant's application was rejected.
The chancellor entered a final decree on May 16, 1956, in which he set aside the order of the State Board *229 denying the complainant's application for a license; but the decree did not direct the Board to issue a license to the complainant. From that decree the complainant has prosecuted this appeal, and the defendants have filed a cross-assignment of errors.
The only error assigned and argued by the appellant's attorneys as ground for the reversal of the judgment of the lower court is that the court erred in failing to grant the mandatory injunction prayed for in the appellant's bill. In their cross-assignment of errors the appellees say that the court erred in excluding the affidavits and the report of the investigating committee, offered in evidence by the defendants as exhibits to the testimony of Dr. William L. Gates, and in refusing to permit the defendants to cross-examine the complainant as an adverse witness for the purpose of proving his employment record during the years 1936 to 1946, and in failing to hold that there was sufficient evidence before the Board to justify the Board's refusal to grant the application for a license.
(Hn 1) We shall consider first the appellee's cross assignments of errors. We think there was no error in the chancellor's refusal to admit in evidence the affidavits and letters, which had been placed in the Board's file by the investigating committee. It was not shown that the affidavits and letters had been offered in evi-evidence during the open hearing on the appellant's application at the June 1954 meeting of the Board, or that they were brought to the attention of the appellant or his attorney. All that appears from the record made before the chancellor was that these affidavits and letters had been placed in the Board's file and might have been seen and examined by the appellant and his attorney at the June 1954 meeting of the Board, or prior to the June 1955 meeting of the Board, if they knew that they were in the file. But it does not appear from the record *230 that the appellant or his attorney knew that the affidavits were in the file.
(Hn 2) We also think there was no error in the chancellor's refusal to admit in evidence the report of the committee, which contained statements and conclusions decidedly unfavorable to the granting of a license to the appellant. The report was filed on June 21, 1955, the day on which the Board entered its final order rejecting the appellant's application. It was not shown that a copy of the report had been delivered or mailed to the appellant or his attorney prior to the filing of the report; and it was not shown that the report was presented to the Board in open session, or that the appellant was afforded an opportunity to examine the report or to offer any rebuttal evidence to refute the statements contained in the report.
Administrative agencies are, as a general rule, unrestricted by the technical or formal rules of procedure which govern trials before a court. However, in the exercise of judicial or quasi-judicial powers, the elementary and fundamental principles of a judicial inquiry should be observed.
"The inexorable safeguard which the due process clause assures in the exercise of a judicial or quasi-judicial power is that the trier of facts shall be an impartial tribunal legally constituted to determine the right involved, that no finding shall be made except upon due notice and opportunity to be heard, that the procedure at the hearing shall be consistent with the essentials of a fair trial; and that it shall be conducted in such a way that there shall be opportunity for a court to determine whether the applicable rules of law and procedure were observed." 42 Am. Jur. 451, Public Administrative Law, par. 116.
The right to a hearing in a case of this kind embraces not only the right to present evidence but also a reasonable *231 opportunity to know the claims of the opposing party and to meet them.
(Hn 3) The Board had a right to appoint an investigating committee to make an investigation of the facts relative to the appellant's claim that he had practiced veterinary medicine, surgery and dentistry for a period of ten years prior to April 4, 1946, and to obtain affidavits from persons who had personal knowledge of the truth or falsity of the appellant's claim that he had practiced veterinary medicine, surgery and dentistry during that period of ten years. But the evidence obtained by the committe and the committee's report should have been filed with the Board's secretary, and should have been presented to the Board in open session, during the hearing on the appellant's application, and a reasonable opportunity should have been allowed to the appellant to examine the report and the affidavits and other exhibits filed with the report, and offer rebuttal evidence to contradict the statements contained in the report and the exhibits, if he desired to do so.
(Hn 4) We also think there was no error in the chancellor's refusal to permit the defendants to cross-examine the appellant concerning his employment during the ten-year period next preceding April 4, 1946. It was not shown that any such cross-examination had been made during the hearing before the Board, and the chancellor very properly restricted the hearing to a review of the action of the Board upon the record made before the Board. The hearing before the chancellor was in no sense a hearing de novo.
(Hn 5) The appellant's attorneys, as stated above, argue only one point as ground for reversal on their direct appeal, and that is, that the court erred in failing to include in its final decree an order directing the Board to issue to the appellant the license prayed for in his bill of complaint. But we think there was no error in the chancellor's failure to direct the Board to issue *232 a license to the appellant without any further hearing on the merits of the appellant's application.
"There is nothing in the principles governing judicial review of administrative acts which precludes the courts from giving an administrative body an opportunity to meet objections to its order by correcting irregularities in procedure, or supplying deficiencies in its record, or making additional findings where these are necessary, or supplying findings validly made in the place of those attacked as invalid. * * * The court may remand for further proceedings in order that the administrative agency may proceed according to law, or in order that some defect in the record may be supplied, by taking further evidence, clarifying ambiguous findings, or making additional findings." 42 Am. Jur. 690, Public Administrative Law, par. 248.
The chancellor had a right to set aside the order of the State Board, and yet decline to order the Board to issue the license. The chancellor's decree setting aside the order of the State Board entered on June 21, 1955, left the appellant's application as a pending matter before the Board, to be heard and disposed of upon its merits. At such hearing the investigating committee may present evidence in support of the statements made in the committee's report, and the applicant may present additional evidence to rebut the statements made in the report. The evidence should be limited, however, to the issues of fact which the Board is called upon to decide; and this Court has held that the determining test in a case of this kind is, whether the applicant had practiced veterinary medicine, veterinary surgery and veterinary dentistry in such manner and such extent as required by the statute for ten years prior to the enactment of Chapter 371, Laws of 1946,  not whether he possessed sufficient skill and learning on those subjects as to be able to pass an examination and thereby obtain a license. *233 See Mississippi State Board of Veterinary Examiners v. Sistrunk, 218 Miss. 342, 80 So.2d 747.
For the reasons stated above the decree of the lower court is affirmed on direct appeal and on cross-appeal.
Affirmed on direct appeal and on cross-appeal.
McGehee, C.J., and Arrington, Ethridge and Gillespie, JJ., concur.