SHERMAN *v.* STATE

No. 41067 January 5, 1959 108 So. 2d 205

*Semmes Luckett, Harvey T. Ross,* Clarksdale, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

The principal issue is whether the jury was warranted in finding that appellant, an attorney, embezzled $25 or more of his client's money, where he was entitled to a commission out of the fund collected.

Appellant, Abe Sherman, was convicted in the Circuit Court of Coahoma County of embezzlement. As an attorney, Sherman was employed by the Texas Company, through its agent, a credit association, to collect $107.60 owed the Company by Allen R. Brown. Having obtained authority, appellant filed suit on this account against Brown on February 7, 1957. On February 9 Brown paid the account and court costs, and the same day the circuit clerk gave appellant his check for $107.60, which Sherman deposited to his personal account. He did not then transmit this sum, less his 12 per cent commission for collection, to his client, the Texas Company.

On the contrary, for over a year and four months thereafter, Sherman wrote the Company's agent, the credit association, numerous messages,. stating at various times that he expected a judgment soon, it was delayed by an intervening term of court, judgment was obtained and an execution issued on it, debtor might be willing to pay a smaller amount, and, as late as June 16, 1958, inquiring

if creditor would be willing to accept a lesser amount as a compromise. After the district attorney filed an affidavit against appellant on June 28, 1958 charging him with embezzlement, appellant transmitted to the Company the money which he had collected for it. The record does not reflect the exact amount appellant finally paid the Texas Company. The Company's representative testified he paid to it the proceeds of the account, less the usual fee of the credit association, through whom it was paid.

Miller, a collection man for the credit association, on cross-examination testified that appellant was entitled to a 12 per cent collection fee, but "there was no mention of a suit fee. We usually pay it when suit is filed, but we didn't agree to pay it in this particular instance. In a case of this kind, we would pay a suit fee after the account was collected."

 Appellant contends that the State failed to show the portion of the fund which he held in trust for his principal amounted to $25 or more. Miss. Code 1942, Sec. 2538 provides that, in convictions for embezzlement, if the amount embezzled be less than $25, the offense shall be punished as a petit larceny. It is asserted the State had to show specifically the amount of the suit fee which appellant was entitled to, in order to prove that he embezzled $25 or more, which would constitute a felony. We cannot agree. In the first place, the quoted testimony reflects that the credit association did not agree to pay a suit fee in this instance, although it would usually pay such a fee "after the account was collected." Moreover, it was an issue for the jury as to whether in this case the amount embezzled was more than $25, after deducting from the $107.60 the 12 per cent collection fee and a suit fee, if any. It would be rather incredible that, out of the total amount of the debt collected, the creditor was to receive less than $25. The jury was instructed it must find that appellant embezzled $25 or more. Ap-

pellant offered no evidence in his behalf. We think on this record the issue of the amount embezzled was for the jury. Its verdict is amply supported by the evidence.

It is also argued that appellant was not guilty because he was the joint owner of the fund said to have been embezzled. The general rule in this respect is logical and the only feasible one: The fact that an agent who collects money for his principal is entitled to commissions out of the funds collected does not give him such ownership in the money as to absolve him of a charge of embezzlement, if he converts the entire fund to his own use. The right to receive commission does not constitute joint ownership, since all over his commission he holds in trust for his principal. 18 Am. Jur., Embezzlement, Sec. 11; Anno., 56 A. L. R. 2d 1156 (1957).

Appellant also assigns as error three matters in connection with selection of the jury. Miss. Code 1942, Sec. 1763 states that "any juror shall be excluded, if the court be of opinion that he cannot try the case impartially, and the exclusion shall not be assignable for error." This statute places upon the trial judge the principal responsibility for the selection of a fair and impartial jury. It has been held that the quoted act "makes the excusing of the juror by the trial judge, in the exercise of the discretion vested in him, final," and, although certain jurors were erroneously disqualified by the trial court, there is no reversible error if the case was tried before a fair and impartial jury. City of Jackson v. McFadden, 181 Miss. 1, 15, 177 So. 755 (1937). Appellant does not contend or show that the jurors who were impaneled were not fair and impartial. Sec. 1763 makes it unnecessary for us to consider the facts relevant to excusing of the two jurors in question.

Nor was there error in the trial court's permitting the district attorney to ask the veniremen on voir dire whether the fact that defendant had made restitution of the money would affect their judgment on the criminal

charge, if the proof convinced the jurors defendant had in fact committed the crime. ██ It is well settled that the actual return of the money or property does not take away the criminal character of the conversion, and does not excuse accused from punishment for the wrong. 18 Am. Jur., Embezzlement, Sec. 26. Evidence of restitution is immaterial and inadmissible. 29 C. J. S., Embezzlement, Sec. 39, p. 735.

██ Appellant's counsel stated in his closing argument to the jury that "many a lawyer" has done what Sherman did and "been allowed to make restitution." He referred to an alleged "big man" who owed a large federal income tax, tried to conceal it, was not punished, but allowed to make restitution. The district attorney's objection to that argument was correctly sustained, the trial judge pointing out that counsel was "getting out of the record." ██ The fact that others might commit crimes of this type and avoid punishment does not excuse a particular offender. In this world the wrongdoer is not always punished. To argue that one man should be relieved of his offense because others equally guilty are not punished would be to strike at the foundations of the administration of justice. Society's object should be not to excuse the guilty, but to obtain a more uniform application of the law to all. And as a practical matter, the jury heard part of counsel's argument on this question, before objection was made. ██ The court's order disbarring appellant from the practice of law was mandatory after his conviction of the offense charged. Miss. Code 1942, Sec. 8667.

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington,* and *Gillespie, JJ.,* concur.