WALTER DELL DAVIS, COMMISSIONER OF INSURANCE
*v.* SHEPPERD

No. 42242 April 9, 1962 139 So. 2d 668

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellant.

*Lester E. Wills, Lyle V. Corey,* Meridian, for appellee.

McELROY, J.

This case involves the revocation by the Insurance Commissioner of Mississippi, Walter Dell Davis, of the license of an insurance agent, appellee E. L. Shepperd, to engage in the business of operating an insurance agency. After a lengthy hearing, the Commissioner held that the agent had wrongfully withheld from several insurance companies premiums which such companies were lawfully entitled to receive; and that therefore the Commissioner could not license him further to conduct the business of an insurance agency, although he would authorize appellee to serve as a solicitor for any reputable insurance agency. Thereafter Shepperd appealed to the Circuit Court of Hinds County by certiorari, as authorized by Miss. Code 1942, Rec., Sec. 5723-05.

The circuit court heard the matter on the record, pleadings, documents and transcript of testimony taken before the Insurance Commissioner. It held that there was insufficient proof of wrongful withholding of premiums from insurance companies lawfully entitled to receive them; that the record was indefinite as to an accounting for such funds; that Shepperd turned his insurance business over to another insurance agency in Meridian, under a contract with the companies, whereby he would work on a salary for such agency and amortize over a period of time his debt to the company; that, although there was ''apparently no substantial denial'' by Shepperd as to the companys' claims that Shepperd owed them collected premiums, since the value of the

business which he turned over was substantial and the evidence did not show its value, revocation of the license was improper. Hence the circuit court set aside the revocation of Shepperd's license. This appeal is from that judgment.

The statute involved is Chap. 352, Miss. Laws 1948, regulating insurance agents and solicitors. It grants this power to the Commissioner of Insurance with stated restrictions. Miss. Code 1942, Rec., Secs. 5723-01 to 5723-07.

The Commissioner is authorized to make such reasonable rules and regulations as may be necessary for administration of the act. Sec. 2. Sec. 4 (b) of this statute provides:

"The commissioner may at any time, after hearing held upon not less than ten days written notice to any agent or solicitor specifying the matters to be considered at such hearing, suspend, revoke or cancel the license of such agent or solicitor or refuse to renew or issue another license to such agent or solicitor if upon such hearing the commissioner finds (1) that such license was obtained by fraud or misrepresentations; or (2) that such agent or solicitor has violated any insurance law of this state; or (3) *that such agent or solicitor has wrongfully withheld from any insurance company or assured any premiums, refund premiums, or dividends which such insurance company or assured are lawfully entitled to receive;* or (4) that such agent or solicitor is not qualified to act as agent or solicitor." (Emphasis supplied.)

A license is not a contract between the sovereign and the licensee, and is not property in any constitutional sense, in that it does not confer a vested right but only a personal privilege to be exercised under existing restrictions. 33 Am. Jur., Licenses, Sec. 21. Administrative boards may be vested with the power to determine whether the facts or conditions comprehended

by a licensing statute exist, and may be given power to determine the unfitness of the licensee. The determination of the officer entrusted with the duty of revocation of licenses should not be set aside by the courts, except for clear and manifest abuse of discretion. If the board or official acts arbitrarily, unreasonably or capriciously, or beyond the power of the agency to act, or violates some statutory or constitutional right, a reviewing court has the power to set the order aside, but only under such circumstances. 33 Am. Jur., Licenses, Secs. 65-67; Dixie Greyhound Lines, Inc. v. Miss. Public Service Commission, 190 Miss. 704, 713, 200 So. 579 (1941). The principal issue here is whether the Commissioner's order is supported by substantial evidence. Notice and hearing are required by the statute and were given in this instance. Stone v. Farish, 199 Miss. 186, 23 So. 2d 911 (1945), held:

"It is true that ordinarily a license may have aspects of property, but the control here retained strips it of that quality which requires divestiture only by judicial process. Much less is it an inalienable right; it has become but an alienable privilege. * * * Discussion of the legislative power upon an assumption that we are here dealing with private legal rights is out of place. Yet, even such rights end where the conflicting rights of others begin. * * * There is a vast differenct between depriving a citizen of property without due process of law and revoking a privilege by due process of procedure. * * * Administrative questions belong within the legislative orbit, while judicial questions of necessity fall within the judicial province. Baur, op. cit. supra, Secs. 506, 509, 511; Landis, op. cit. supra, p. 147. Judicial oversight can never be absolutely forbidden, yet it is measured by the same considerations which apply to direct legislative acts. The Commissioner is pro hac vice, an extended arm of the Legislature. * * * There is no legal reason why the citizen may not, in availing

of this act of legislative grace, pursue an unmolested and profitable existence. If perchance its life is strangled, it is because of entanglement with the administrative cords by which it is bound. Too much rope is always a hazard in the hands of one with too little concern." See 1 Am. Jur. 2d, Secs. 19, 20, pp. 823-4.

■■■ The right of a state to regulate and control the insurance business includes the right to regulate and control the agents and brokers through whom such business is carried on. 29 Am. Jur., Insurance, Sec. 61. The same text in Sec. 62, with reference to revocation of licenses, states:

"The power of the state to enact laws prescribing and fixing the qualifications of agents and requiring them to obtain certificates of registration and licenses also includes the power to revoke such certificates and licenses for cause * * * Among the grounds upon which an agent's or broker's license may be suspended or revoked are the withholding or misappropriation of premiums, illegal or improper conduct, incompetency to act as agent, the offering of a rebate or other financial benefit to prospective insurants, the selling of insurance at rates varying from those filed, and the sale of insurance of property under the agent's control."

To the same effect is Anno. "Constitutionality, Construction, and Application of Statutes Respecting Cancellation or Suspension or Renewal of License of Insurance Agent," 154 A. L. R. 1146 (1945).

44 C. J. S., Insurance, Sec. 85, p. 593 states the governing rules as follows: "The duties of the insurance officer in revoking licenses have been said to be purely administrative, so that his findings are conclusive and cannot be interfered with by the court unless his action is shown to be arbitrary, corrupt, oppressive, prejudicial, or in excess of authority; and, where his ruling of revocation is supported by substantial evidence, it will

not be disturbed through certiorari or other legal process.''

16 Appleman, Insurance Law and Practice (1945), Secs. 8636-8637 discusses in detail these principles and the cases related to them. See also Richards, The Law of Insurance (4th Ed. 1952), Sec. 425.

■■■ ■ Hence the issue in this case is whether there is substantial evidence to support the finding of the Commissioner that Shepperd, as an insurance agent, had wrongfully withheld from any insurance company premiums which such insurance company was lawfully entitled to receive. We think there is ample evidence to support that finding. We are not dealing here with any question pertaining to an accounting between Shepperd and these insurance companies. The Commissioner had no jurisdiction to determine that, and did not attempt to determine any specific amount which appellee still owed the insurance companies he had represented. The Commissioner simply determined that Shepperd had wrongfully withheld insurance premiums from these companies, when they were entitled to them. We consider this case on the pleadings, and the record brought to the circuit court by the writ of certiorari from the files of the Insurance Commissioner, including the transcript of the testimony taken before the Commissioner. Neither appellant nor appellee make any issue of the propriety of considering such testimony in a hearing upon a writ of certiorari. Appellee, however, contends the transcript of testimony is not properly before this Court, but we find no merit in that assertion.

The testimony of C. D. Shields, an insurance agent of Meridian, Albert J. Kossman, general agent for Abington Mutual Insurance Company, and Allen B. Edwards, secretary of Southern Guaranty Insurance Company, amply supports the finding of the Commissioner that appellee wrongfully withheld funds which rightfully belonged to insurance companies as collected premiums;

and that there was, at the time of the hearing in October 1960, a substantial amount of premium funds belonging to the insurance companies previously represented by appellee which had been withheld by appellee and had not been turned over by him to these companies. Appellee admitted that, when his agency went out of business in 1958 he still owed the companies, which he represented, collected premium money. Under an agreement with most of the insurance companies affected, appellee assigned to the Shields and White Insurance Agency his accounts, expirations, and dailies accruing from his agency. He contended that the value of these items was substantial, he should have been credited with their value, and, when this was done under a proper accounting, which he had never received, he had paid all or substantially all of the collected premiums, which he was charged with wrongfully withholding.

 There are several answers to this contention: the other testimony before the Commissioner amply reflected that appellee wrongfully withheld premiums from the companies. It was not the duty of the Commissioner to adjudicate an accounting between the parties. That is properly for a court of equity in the event such a dispute arises. However, the Commissioner had the duty to determine whether appellee wrongfully withheld such funds, and the great weight of the evidence reflected that he had. It was not necessary to determine the precise amount withheld. Moreover, even if Shepperd at a later time made restitution of these trust funds, the premiums belonging to his insurance companies, his principals, such subsequent restitution does not remove the prohibited character of the precedent conversion, and does not set aside the amply established fact that appellee wrongfully withheld the premiums. See Sherman v. State, 234 Miss. 775, 108 So. 2d 205 (1959).

Commonwealth, ex rel., State Corporation Commission v. Sharp, 155 Va. 714, 156 S. E. 570 (1931), relied

upon by appellee, is not in point. There the Court affirmed a refusal by the Virginia Corporation Commission to revoke an insurance agent's license, and the evidence supported that finding.

Reversed, and order of insurance commissioner reinstated and affirmed.

*Lee, P. J.,* and *Arrington, Ethridge* and *Rodgers, JJ.,* concur.