GEIGER *v.* MISSISSIPPI STATE BOARD OF COSMETOLOGY

No. 42626          March 25, 1963          151 So. 2d 189

*Robert E. Arrington,* Hattiesburg, for appellant.

*Delos H. Burks*, Asst. Atty. Gen., Jackson, for appellee.

McELROY, J.

The appellant, Mrs. Florine Geiger, after the statutory hearing, had her license to operate a beauty school in Hattiesburg, Mississippi suspended for eighteen months and was also required to work as a beauty operator or beautician for the same period, for fraud committed on her part in applying to the appellee State Board of Cosmetology for a license to operate a beauty school for training young ladies in this profession. The aggrieved failed to appeal the Board's decision as provided by section 8915-14, Mississippi Code of 1942, Rec., but appealed to the Hinds County Circuit Court by writ of certiorari as authorized by sections 1206-1207, Mississippi Code of 1942, Rec., for "Inferior Tribunals." The learned Circuit Judge, from the record made at the hearing, affirmed the Board's findings. From an adverse order of the Circuit Court, the appellant effected this appeal.

The State Board of Cosmetology was created by Chapter 367, Laws of 1948. This act and amendments thereto appear as sections 8915-01, et seq., Mississippi Code of 1942, Rec. There are three members of this Board appointed for four year terms of office, one being designated by the Governor as President and another member as Secretary. They are given statutory powers in addition to authority to promulgate and adopt reasonable rules and regulations for the regulation of the practice

of beauty culture in any way in this state such as operating beauty parlors and conducting cosmetology schools for training persons to practice the cosmetology profession or trade.

As in similar boards or commissions which are authorized to issue licenses, this Board has the statutory authority to suspend or revoke them for several reasons, including "fraud or bribery in securing a certificate of registration or permission to take an examination therefor . . ." as found in section 8915-14 of the Code. This section requires thirty (30) days notice by registered mail to the licensee and setting forth the charges against the holder thereof, and a time and place for a public hearing. Any person aggrieved by the Board's decision may appeal directly to the First Judicial District of the Circuit Court of Hinds County, Mississippi.

Mrs. Florine Geiger completed the necessary application and submitted documentary evidence, including evidence of beauty culture training in New Orleans, Louisiana, to become a licensed beauty operator and obtained a beauty operator's license dated May 4, 1960. She subsequently applied to the State Board of Cosmetology for authority to take a beauty or cosmetology instructor's license which required among other things "two (2) years' experience as an operator, or the equivalent training as an instructor, and pass the examination prescribed by the Board for instructors . . ." as set forth in section 8915-08 of the Code.

In support of her application to take the instructor's examination the licensee submitted several affidavits: (1) One by an alleged beauty salon owner that Mrs. Geiger had twenty-six months highest quality experience as a beauty operator, (2) One by an alleged former high school teacher that she was a graduate of an affiliated high school in Virginia, and (3) the appellant herself, on her application, stated her experience and educational qualifications.

Relying on the affidavits furnished by the appellant the Board granted Mrs. Geiger the examination for an instructor's license, and the instructor's license was issued on May 15, 1961. Based on this license the Geiger School of Cosmetology was created, and the Board granted a certificate to operate the school with Mrs. Geiger as the accredited, licensed instructor.

Subsequent to the issuance of the license and the opening of the Geiger School of Cosmetology, the Board was furnished with documentary evidence that the appellant did not in fact have the required two years experience as a licensed beauty operator, nor was she a high school graduate, and certain affidavits were furnished the Board substantiating these facts. Based on these affidavits and other facts, the Board, acting within its statutory power, advised the appellant of a public hearing.

The Board, following the statute, section 8915-14, Mississippi Code of 1942, Rec., set the hearing for August 8, 1961, giving 30 days advance notice by registered mail, signed by the president and secretary, giving in detail the charges, as required by the statute. The hearing was held on said date, and testimonies of witnesses were given along with the affidavits. The board had a meeting and gave further time for additional evidence. No evidence was offered, and the Board, in a meeting on October 18, 1961, revoked the instructor's license of Mrs. Geiger for eighteen months effective October 31, 1961, required her to work as a beauty operator for the revocation period, and required her to reapply to take the instructor's examination at the end of the period.

Upon a written request dated November 20, 1961 to the Board by the appellant and her counsel, the Board amended its previous order of October 18, 1961 to read ''suspension'' rather than ''revocation'' of the license, upon the promise contained in the request that a licensed instructor was to be appointed to run the Geiger School

of Cosmetology and that no appeal would be made of the board's amended order. The accredited instructor was never employed, and the appellant further broke her promise by appealing the case.

The State Board of Cosmetology is clothed with statutory powers for the issuance and revocation or suspension of licenses for beauty operators, cosmetology schools and school instructors. See section 8915-01 through section 8915-19, Mississippi Code 1942, Rec.

The courts hold or recognize that administrative agencies may reconsider and modify their determinations or correct errors on the ground of fraud or imposition, illegality, irregularity in vital matters, mistake, misconception of facts, erroneous conclusion of law, surprise or inadvertence. 2 Am. Jur. 2d, Administrative Law, sec. 524, p. 336.

In a recent case on the question of issuing a license to sell insurance in the case of Davis, Commissioner of Insurance v. Shepperd, 139 So. 2d 668, the court said:

"A license is not a contract between the sovereign and the licensee, and is not property in any constitutional sense, in that it does not confer a vested right but only a personal privilege to be exercised under existing restrictions. 33 Am. Jur., Licenses, sec. 21. Administrative boards may be vested with the power to determine whether the facts or conditions comprehended by a licensing statute exist, and may be given power to determine the unfitness of the licensee. The determination of the officer entrusted with the duty of revocation of licenses should not be set aside by the courts, except for clear and manifest abuse of discretion. If the board or official acts arbitrarily, unreasonably or capriciously, or beyond the power of the agency to act, or violates some statutory or constitutional right, a reviewing court has the power to set the order aside, but only under such circumstances. 33 Am. Jur., Licenses, secs. 65-67; Dixie Greyhound Lines, Inc. v. Mississippi Public Serv-

ice Commission, 190 Miss. 704, 713, 200 So. 579, 1 So. 2d 489 (1941). The principal issue here is whether the Commissioner's order is supported by substantial evidence. Notice and hearing are required by the statute and were given in this instance.'' See State ex rel. Garrison v. Reeve (Fla.), 139 So. 817; Clark v. State, 169 Miss. 369, 152 So. 820; Commonwealth v. Cronin, 336 Pa. 469, 9 A. 2d 408, 125 ALR 1455; 42 Am. Jur., Administrative Law, p. 376; Miss. State Board of Veterinary Examiners v. Watkins, 206 Miss. 330, 40 So. 2d 153; Love v. Miss. State Board of Veterinary Examiners, 230 Miss. 222, 92 So. 2d 463; State v. Henry, 87 Miss. 125, 40 So. 152.

(Hn 1) After a thorough examination of the record, we find no error in law or fact. We believe that the board in no way acted arbitrarily, unreasonably, or capriciously, or beyond the power of the agency to act, or violated any statutory or constitutional right of the appellant. The case is therefore affirmed.

Affirmed.

*Lee, P. J., and Kyle, Gillespie, and Rodgers, JJ.,* concur.