**Michael EDWARDS, Appellant**
**(Petitioner Below),**

v.

**INDIANA GIRLS' SCHOOL and Indiana State Employees' Appeals Commission, Appellees (Respondents Below).**

No. 29A02–9003–CV–142.

Court of Appeals of Indiana,
Third District.

March 25, 1991.

Rehearing Denied May 15, 1991.

---

Robert S. Rifkin, Maurer, Rifkin & Hill, P.C., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael A. Schoening, Deputy Atty. Gen., Indianapolis, for appellees.

HOFFMAN, Presiding Judge.

Petitioner-appellant Michael Edwards appeals the trial court's affirmance of the Indiana State Employees' Appeals Commission's decision upholding his dismissal from employment with the Indiana Girls' School.

Michael Edwards had been employed with the Indiana Girls' School since 1979 as a cook. Unfortunately, Michael suffered from a disease, diabetes, which caused him severe medical problems. On July 17, 1987, Michael was admitted to Methodist Hospital for treatment of a neurotrophic ulcer of the left foot induced by diabetes mellitus. During the following three weeks, Michael underwent three separate surgical procedures to debride, drain and remove the foot ulcer.

Michael informed the Girls' School that he was being hospitalized and on July 20, 1987, he was requested to submit a doctor's statement. On July 27, 1987, he was notified that he had accumulated one day of unauthorized leave for July 24, 1987. (Michael submitted the doctor's statement the afternoon of July 24.) He was told that he had used all his sick time and that he had not requested any vacation or personal days. He was warned that after five days of unauthorized leave time that some sort of action could be taken, such as suspension or dismissal.

On August 13, 1987, Carroll Baker, the assistant superintendent, called him in the hospital and told him that she was conducting a predeprivation hearing. She informed him that he had already accumulated six days of unauthorized leave time. Michael asked her if he could have an authorized leave or just a leave of absence. She said a decision would be made in the future. (Ms. Baker testified at the March 1988 hearing in front of the State Employees' Appeals Commission that Michael had time "on the books" until August 10, 1987.) On August 14, 1987, Pamela Hughes, the superintendent, sent Michael a letter dismissing him.

Michael appealed this decision to the State Employees' Appeals Commission (SEAC). The SEAC held that the predeprivation hearing on August 13, 1987 was procedurally defective since Ms. Hughes, the final decisionmaker, was not present at the predeprivation hearing. Therefore, the SEAC granted relief in favor of Michael and ordered Michael to be reinstated with full back pay and benefits. However, even though Michael's dismissal was reversed for lack of a proper predeprivation hearing, the SEAC went on to decide the case on the merits. The SEAC found that Michael had been dismissed for just cause.

Michael was notified on April 21, 1988 that he was to report to work on April 25, 1988 at which time a second predeprivation hearing would be held. After the hearing, Michael was again dismissed.

Michael appealed the decision to the SEAC once again. This time, however, the Commission refused to allow Michael to present any evidence regarding whether he should have been dismissed, claiming that it would simply take administrative notice of its record from the first appeal. The Commission only permitted evidence regarding whether proper procedure was used during the second predeprivation hearing.

Michael appealed his case to the trial court. The trial court affirmed the SEAC.

One issue is dispositive of this appeal: whether the SEAC erred in not allowing Michael to present evidence regarding his dismissal.

 Not only does a drawn out case such as this one work to the detriment of a plaintiff, but there still remain glaring defects in the procedures that have followed up to this point.[1] In March 1988 when the SEAC reviewed this case for the first time, found that a procedural flaw existed, and remanded for a proper predeprivation hearing, its findings should have ended at that point. The case should have been remanded to start over at "square one" with a constitutionally correct predeprivation hearing. *See Cleveland Bd. of Educ. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494. Because the SEAC found that Michael had been deprived of a predeprivation hearing, it should not have decided the merits of the case. Accordingly, Michael was not required to appeal these findings. *See Blakely v. Review Bd., Emp. Sec. Div.* (1950), 120 Ind.App. 257, 275-276, 90 N.E.2d 353, 362.

 The SEAC then continued its error when it refused to allow Michael to present any evidence, regarding the circumstances surrounding his dismissal, at the second SEAC hearing in September 1988. (Michael was told that the SEAC was taking administrative notice of its record and findings from the first hearing.) Since the second SEAC hearing should have been a new hearing before the SEAC, the Girls' School had the burden of proof of showing just cause for Michael's dismissal and Mi-

chael should have been allowed to present evidence showing that just cause did not exist for his dismissal. Since this was not done, Michael is entitled to a new hearing before the SEAC. At this new hearing, the Girls' School will have the burden of proving that Michael was dismissed for just cause and Michael will have the opportunity to present his evidence.

Reversed and remanded.

GARRARD and SHARPNACK, JJ., concur.

---

1. Because of our disposition of this case, this Court does not need to reach the main substantive issues that concern appellant. Appellant contends that he should have received notice from the Girls' School letting him know that his approved leave had expired and that he would be required to return to work within a specified period of time before he could be terminated. Therefore, he could have had a chance to return to work, or work out some sort of authorized leave agreement, before he accumulated five unauthorized leave days. Appellant believes that in all fairness to employees, especially those who are good employees but through no doing of their own have unfortunate medical problems, a notice should be given when employees have used their authorized leave so that they have a chance to remedy the situation before termination. Appellant also cites seven SEAC cases from 1980-1988 through which he avers that the SEAC has established precedent and policy requiring that the discharged employee first be notified in writing, prior to termination that: (1) all authorized leave has been used, and (2) failure to return to work within a specified period of time will result in disciplinary action.