**Joseph ADKINS, Appellant–Plaintiff,**

v.

**CITY OF TELL CITY, Appellee– Defendant.**

**No. 62A01–9307–CV–234.**

Court of Appeals of Indiana, First District.

Dec. 21, 1993.

Joseph L. Verkamp, Verkamp & McConnell, Jasper, for appellant-plaintiff.

James G. Tyler, Tell City, for appellee-defendant.

BAKER, Judge.

The Tell City Board of Safety fired police officer Joseph Adkins because he had sexual relations, while on duty, with a sixteen-year-old girl. He does not challenge the evidence which supported his discharge, rather he claims that serious procedural errors of the board defeated their action.

### ISSUES

Adkins presents several issues for review, which we consolidate and restate as:

1. May an administrative agency which discharges an employee in contravention of statutory procedure rescind that dismissal?

2. Does the rule of necessity apply to administrative tribunals acting in a quasi-judicial capacity?

### FACTS

From 1975 through 1976 and from 1987 through early 1992, Adkins was a police officer with the Tell City Police Department. In early October 1990, Adkins had sexual relations with a sixteen-year-old girl. When the police chief became aware of this in November 1992, he suspended Adkins for five days with pay. The Tell City Board of Public Works and Safety (the

Board) required Adkins to surrender his police vehicle and his sidearm.

On January 23, 1992, the Board mailed Adkins notice that it would hear evidence regarding the allegations against him at an executive session scheduled for January 27, 1992. At this session, which Adkins did not attend, no witnesses testified under oath, no direct or cross examination occurred, and no one introduced exhibits. After the session, Adkins filed a motion to dismiss charges and a motion to disqualify members of the Board, alleging that the meeting violated the statute governing dismissal of police officers in third class cities [1] and that the Board was irreparably prejudiced. The Board denied both motions.

The Board mailed Adkins notice that it would further consider the allegations against him at a February 7, 1992 executive session. At this session, which Adkins did not attend, the Board voted unanimously to dismiss Adkins effective February 17, 1992. At a February 17, 1992 session, the Board realized the procedural shortcomings of its earlier actions, rescinded Adkins' dismissal, and scheduled an April 1, 1992 public hearing to determine whether or not to discharge Adkins.

The Board hand-delivered notice of the April 1 hearing to Adkins on February 18, 1992, and specifically advised him of the pending charges. This last meeting, which Adkins did not attend, comported with IND.CODE 36–8–3–4 (Supp.1993) in all aspects. There was discovery, examination of sworn witnesses, and the introduction of exhibits; and there is a proper record of the proceedings. At this hearing, the Board denied Adkins' renewed motions to dismiss and to disqualify. The Board voted to discharge Adkins for neglect of duty, immoral conduct, and conduct unbecoming an officer.[2]

The trial court affirmed the Board's decision, and Adkins appeals.

---

1. Tell City is a third class city. *See* IND.CODE 36–4–1–1 (Supp.1993).

2. I.C. 36–8–3–4(b)(2)(A), (F), (H).

*DISCUSSION AND DECISION*

██ We review administrative decisions for jurisdiction, compliance with proper legal procedures, compliance with substantive law, and a basis in substantial evidence. *Phegley v. Indiana Dept. of Highways* (1990), Ind.App., 564 N.E.2d 291, 293–94, *trans. denied.* The trial court affirmed the Board's findings that Adkins had intercourse with a sixteen-year-old female while on duty and in uniform, and participated in fellatio while on duty, in uniform, and in his patrol car[3] with the same sixteen-year-old female. Adkins does not challenge the trial court's findings. These activities constitute substantial evidence sufficient to support Adkins' discharge.

 Police officers of a third class city receive certain procedural safeguards when subject to dismissal, demotion, or suspension for more than five days. I.C. 36–8–3–4. Tell City concedes that the Board's January 27 and February 7, 1991 meetings did not comport with the mandates of I.C. 36–8–3–4, and that Adkins' dismissal as a result of those sessions was improper.[4]

### I. A Tribunal's Authority to Rescind its Own Decision

Adkins first argues that the Board[5] lacked jurisdiction to hear his case on April 1, 1992. Specifically, he contends that because a statute does not expressly grant the Board authority to change its final decisions, the Board could not rescind its original, improper dismissal of Adkins.

**3.** This act occurred in a parking lot on Highway 66.

**4.** At the very least, the Board failed to give Adkins timely notice by appropriate means, for it mailed him notice only four days before the January 27 meeting. *See* I.C. 36–8–3–4(c). The Board erred entirely in the format for the January 27 and February 7 meetings, because it apparently proceeded under the mistaken assumption that it could discharge Adkins after holding merely an executive session. It therefore did not hear evidence in a fashion that would comport with I.C. 36–8–3–4. Where there is a more specific statute governing discharge, the entity responsible for discharge

██ Administrative entities are creatures of statute. *Vehslage v. Rose Acre Farms, Inc.* (1985), Ind.App., 474 N.E.2d 1029, 1033. As such, they cannot exercise power beyond that given in their creation. *Id.* Furthermore, the law resolves ambiguous grants of power against administrative entities. *Indiana State Bd. of Embalmers and Funeral Directors v. Kaufman* (1984), Ind.App., 463 N.E.2d 513, 521.

██ Generally, administrative entities may not rescind their final decisions unless some statute grants such power.[6] *Cress v. State ex rel. Flynn* (1926), 198 Ind. 323, 333–34, 152 N.E. 822, 826 (grant of power to do does not imply grant of power to undo); *see also Shoaf v. City of Lafayette* (1981), Ind.App., 421 N.E.2d 1168, 1170–71; *Dale Bland Trucking v. Calcar Quarries* (1981), Ind.App., 417 N.E.2d 1157, 1159–60. This rule is not absolute. When an administrative entity recognizes its own error of law, it may correct that error. *See Robbins v. National Veneer & Lumber Co.* (1950), 120 Ind.App. 213, 216–17, 88 N.E.2d 773, 775; *Geiger v. Mississippi State Bd. of Cosmetology* (1963), 246 Miss. 542, 547, 151 So.2d 189, 191.

██ The record unquestionably shows that the Board recognized that it failed to follow proper procedure ·when it dismissed Adkins after the January 27 and February 7, 1992 executive sessions. In an attempt to rectify its errors, the Board rescinded Adkins' dismissal and held a hearing which followed statutory procedure. Failure to comply with required procedure was an error of law the Board was entitled to correct on its own.

must comply with that more specific statute. *Berry v. Peoples Broadcasting Corp.* (1989), Ind., 547 N.E.2d 231, 234.

**5.** We note for clarity that the Board is not within the Administrative Orders and Procedures Act (AOPA), IND.CODE 4–21.5–1–1 *et seq. See* IND.CODE 4–21.5–1–3 (1991); IND.CODE 4–21.5–2–3 (1991).

**6.** Agencies under the AOPA have limited power to modify final orders. IND.CODE 4–21.5–3–31 (1991); *see also Yellow Cab v. Civil Rights Comm'n* (1991), Ind.App., 570 N.E.2d 940, 942, *trans. denied.*

Adkins argues that if the Board may correct its own error by rescinding his dismissal, "it would cut off all of Adkins' rights because, under the Statute, Adkins may not appeal any other decision." Appellant's Brief at 29 (emphasis omitted). We disagree.

■ There is no judicial relief for threatened injury until the prescribed administrative remedy is exhausted.[7] *Scales v. State of Indiana, Indiana Department of Natural Resources* (1990), Ind.App., 563 N.E.2d 664, 665. Moreover, there is no judicial review of a threatened administrative action. *New Trend Beauty School, Inc. v. Indiana State Board of Beauty Culturist Examiners* (1988), Ind.App., 518 N.E.2d 1101, 1104–05.

■ A court may not review an administrative action *de novo*. If a court finds error in administrative proceedings, it may only vacate the decision and remand to the agency for further consideration. *State ex rel. State Bd. of Tax Comm'rs v. Marion Superior Court, Civil Division, Room No. 5* (1979), 271 Ind. 374, 379, 392 N.E.2d 1161, 1166; *Metropolitan School Dist. of Martinsville v. Mason* (1983), Ind.App., 451 N.E.2d 349, 353. If Adkins had appealed the Board's initial dismissal, and the trial court had found that the Board's procedures were deficient, the trial court could have done nothing but reverse the dismissal and remand to the Board for a proper hearing. *See, e.g., Neal v. Pike Twsp.* (1988), Ind.App., 530 N.E.2d 103, 106, *trans. denied.* Once the Board rescinded its dismissal, Adkins had nothing about which to complain.

■ Furthermore, one may not allege bias and prejudice against a tribunal to escape the rigors of normal administrative procedure. *New Trend,* at 1105. Even if bias exists, "we must presume the Board will act properly with or without recusal of the allegedly biased members."

*Id.* After a tribunal has rendered a decision, the courts may review it for impropriety.

Because the procedures the Board used in reaching its February 7, 1992 decision to dismiss Adkins were contrary to law, the Board was entitled to rescind that dismissal and had the power to order another hearing which was in accordance with law.

## II. Rule of Necessity

Adkins argues that even if the Board had the power to rehear his case, that the Board members should have disqualified themselves because they were not impartial.

■ Just as a judge must act with fairness and impartiality, *Garrard v. Stone*, Ind.App., 624 N.E.2d 68, 70 (1993), a tribunal must act with fairness and impartiality. *Neal*, at 105; *City of Mishawaka v. Stewart* (1974), 261 Ind. 670, 677, 310 N.E.2d 65, 69.

■ Prior involvement in an investigation does not automatically bias or disqualify a safety board. *Koeneman v. City of New Haven* (1987), Ind.App., 506 N.E.2d 1135, 1138, *trans. denied.* Where a tribunal holds a dismissal hearing that does not comport with due process, that tribunal can hold a second hearing *de novo*. *Edwards v. Indiana Girls' School* (1991), Ind.App., 568 N.E.2d 1031, 1033. This is so even if the tribunal rendered a decision unfavorable to the individual seeking relief. *See id.*

■ Here the trial court expressly found that the Board heard evidence and formed an opinion regarding the grave charges of seduction and sodomy against Adkins prior to the April 1 hearing. This exposure in turn called into question the Board's impartiality, and Tell City's bald assertion to the contrary is insufficient to disturb that finding. *See* Appellee's Brief at 17.

---

**7.** This rule does not apply when an administrative procedure and remedy do not exist, are impossible, would be fruitless, or would be of no value, when the statute governing the procedure or remedy is facially void, or when the plaintiff would suffer irreparable harm. *Bar-*

*tholomew County Beverage v. Barco Beverage* (1988), Ind.App., 524 N.E.2d 353, 355; *Sanitary Landfill, Inc. v. Indiana Environmental Management Board* (1984), Ind.App., 458 N.E.2d 277, 281.

■ The rule of necessity is a doctrine firmly rooted in common law. So that the law is not powerless to act, an otherwise disqualified judge may nevertheless preside over a case if there is no sufficient replacement.

> The true rule unquestionably is that wherever it becomes necessary for a judge to sit, even where he has an interest, where no provision is made for calling another in, or where no one else can take his place, it is his duty to hear and decide, however disagreeable it may be.

*Galey v. Board of Comm'rs of Montgomery County* (1910), 173 Ind. 181, 184, 91 N.E. 593, 594.

■■ The rule of necessity applies to administrative agencies exercising quasi-judicial powers. *See Metsker v. Whitesell* (1913), 181 Ind. 126, 137–38, 103 N.E. 1078, 1082–83. Necessity only permits action in the face of real or perceived bias "where the disqualification, if permitted to prevail, would destroy the only legal tribunal for the hearing of the matter in issue, and thus bar any hearing." *Id.* at 138, 103 N.E. at 1083.

If the Board could not rehear Adkins' case, Tell City would be powerless to remove him. The statutes creating and empowering the Board provide for neither an administrative appeal from a Board decision nor replacement of Board members that have prejudice or bias.[8] IND.CODE 36–4–9–5 (1983) (establishing board of public works and safety); IND.CODE 36–4–9–8(c) (1983) (membership of board of public works and safety in third class city); IND. CODE 36–8–3–2 (1983) (powers and duties of safety boards); IND.CODE 36–8–3–3 (1983) (organization of safety board). Furthermore, courts will not accept jurisdiction over administrative matters until the appropriate agency has rendered a final decision, or the law excepts the lack of a decision. Since I.C. 36–8–3–4 provides the exclusive means, a Board hearing, by which Tell City may discharge a police officer, there could be no Board action, no discharge, and no court action if the Board is powerless to act. The rule of necessity therefore allows the Board to hear Adkins' case despite its prior reception of evidence and formation of opinion.

■ This is not to say that administrative agencies have free reign to allow biased tribunals to run roughshod over individuals' due process rights. A court reviewing an agency action where the rule of necessity excuses the tribunal's partiality will pay closer scrutiny to the tribunal's decisionmaking process than it would if the tribunal's impartiality were resolute. *Board of Educ., Laurel Special School Dist. v. Shockley* (1959), 52 Del. (2 Storey) 277, 280, 156 A.2d 214, 215; *Wisconsin Telephone Co. v. Public Service Comm'n* (1939), 232 Wis. 274, 329, 287 N.W. 122, 149. Here, the record shows that the trial court reviewed the Board's decision with utmost scrutiny, issuing well-stated thirty six findings of fact and fourteen conclusions of law.

Adkins does not challenge the trial court's conclusion affirming the Board's findings. He has never challenged the veracity of the charges against him. He has never suggested that the Board's prior exposure caused it to find erroneously that he performed the acts alleged. *See Swingle v. State Employees' Appeal Comm'n* (1983), Ind.App. 452 N.E.2d 178, 181.

The record also shows that the trial court carefully considered Adkins' due process right to an impartial tribunal and the possible effects of the Board's improper reception of evidence before it affirmed the Board's decision to terminate Adkins.

The rule of necessity required the Board to hear Adkins' case despite its prior exposure, and Adkins' due process rights were not abused.

## CONCLUSION

An administrative entity may rescind its own decision if that agency recognizes such decision is contrary to law. The rule of necessity applies to administrative entities

---

8. The AOPA, however, does include statutory provisions for disqualification and reselection of administrative law judges. IND.CODE 4–21.5–3–9 (1991).

acting in a quasi-judicial role. Because no other authority had power to conduct a hearing to consider the allegations against Adkins, and there was no statutory provision to reselect an unexposed and unbiased Board, the Board could hold a hearing and dismiss Adkins despite its prior exposure to evidence.

Judgment affirmed.

NAJAM and MILLER, JJ., concur.